UNITED STATES DISTRICT COURT　　　　　　　　　(ih 1464)
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
DONNA DESENA,

                  Plaintiff,

   -against-

TARGET CORPORATION, HEMPSTEAD
TURNPIKE LLC and DAVID MINKIN
MANAGEMENT CO., INC.,

                  Defendants.
----------------------------------------X

Civil Action No.:
21-CV-

**NOTICE OF REMOVAL**

**Nassau County
Index No.: 607928/2020**

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK:**

    Defendant, TARGET CORPORATION ("Target"), by its attorneys, SIMMONS JANNACE DELUCA, LLP, upon information and belief, respectfully petitions the Court, pursuant to 28 U.S.C. § 1441, as follows:

    1.   The above-captioned civil action was commenced on August 4, 2020, and is now pending in the Supreme Court of the State of New York, County of Nassau bearing Index Number 607928/2020. A trial has not yet been had therein. A copy of the Summons and Verified Complaint is annexed as **Exhibit "A"**.

    2.   On September 18, 2020, this office interposed an Answer to plaintiff's Complaint on behalf of Target Corporation. A copy of Target's Verified Answer is annexed hereto as **Exhibit "B"**. Hempstead Turnpike LLC ("Hempstead") and David Minkin Management Co., Inc. ("Minkin") interposed their answer on October 26, 2020.

A copy of co-defendants' Verified Answer is annexed hereto as **Exhibit "C."**

3. The action seeks monetary damages for injuries allegedly suffered by plaintiff, Donna Desena, while she was in the parking lot outside of the Target store located at 3850 Hempstead Turnpike, Levittown, New York 11756. Plaintiff's Verified Complaint sounds in negligence.

4. This case was not initially removable as plaintiff did not plead the amount of controversy in her Verified Complaint.

5. On April 5, 2021, Target received plaintiff's draft Preliminary Conference Order, wherein, for the first time, plaintiff's counsel affirmed in writing that plaintiff was claiming a total right knee replacement. A copy of this writing is annexed hereto as **Exhibit "D."**

6. As the value of the injury being claimed exceeds the jurisdictional threshold, Target removed this matter.

7. There is complete diversity between plaintiff and Target, in that: (a) plaintiff is a citizen of the State of New York; and (b) Target is now, and was at the time the action was commenced, a corporation incorporated in the State of Minnesota with its principal place of business in the State of Minnesota.

8. Defendant, Hempstead Turnpike, LLC is now, and was at the time the action was commenced, a corporation incorporated in the State of New York. Its principal place of business is located

in the State of New York.  Likewise, defendant, David Minkin Management Co., Inc. is now, and was at the time the action was commenced, a corporation incorporated in the State of New York. Its principal place of business is located in the State of New York.

9. Diversity jurisdiction is generally determined by the face of the complaint.  However, an exception to this rule exists where non-diverse defendants are fraudulently joined.

10. Plaintiff sued Hempstead Turnpike, LLC and David Minkin Management Co., Inc. solely in an effort to destroy diversity jurisdiction.  Indeed, upon information and belief, Hempstead Turnpike, LLC transferred all rights, title and interests it had in the premises on June 25, 2018, almost a year before plaintiff's alleged accident.  Annexed hereto as **Exhibit "E,"** is a copy of the printout from the Nassau County Clerk's Office of the Warranty Deed dated June 25, 2018.

11. To the extent Hempstead and Minkin retained an interest in the property as of the date of the alleged accident, it cannot be disputed that neither operates, maintains or repairs the Target parking lot.  Nor did Hempstead and Minkin operate, maintain or repair the shopping cart corral plaintiff alleges she tripped over. Indeed, based on Section 4.2(G) of the Ground Lease that was in effect on the date of the accident, Target is solely responsible for maintenance in the area of the parking lot plaintiff alleges

she had fell. See Felipe v. Target Corp., 572 F. Supp. 2d 455, 461 (S.D.N.Y. August 27, 2008) (quoting Grippo v. City of New York, 45 A.D.3d 639, 640, 846 N.Y.S.2d 264 [2d Dep't 2007] ["an out-of-possession property owner is not liable for injuries that occur on the property unless the owner has retained control over the premises or is contractually obligated to perform maintenance and repairs."]).

12. As Target seeks removal based upon fraudulent joinder and diversity of citizenship, Hempstead and Minkin's presence does not defeat diversity. Under fraudulent joinder, "courts overlook the presence of a non-diverse defendant if from the pleadings there is no possibility that the claims against that defendant could be asserted in state court." Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 302 (2d Cir. 2001); Allied Programs Corp. v. Puritan Ins. Co., 592 F. Supp. 1274, 1276 (S.D.N.Y. September 13, 1984) (quoting Nosonowitz v. Alleghany Beverage Corp., 463 F. Supp. 162, 163 [S.D.N.Y. January 12, 1978]) (joinder is fraudulent when "there can be no recovery [against the defendant] under the law of the state on the cause alleged, or on the facts in view of the law as they exist when the petition to remand is heard").

13. Moreover, as out-of-possession owners, against which no cause of action can be maintained, Hempstead and Minkin are nominal parties. Therefore, their consent to removal is not required.

Zerafa v. Montefiore Hosp. Housing Co., 403 F. Supp. 2d 320, 325-28 (S.D.N.Y. 2005).

14. Written notice of the filing of this Notice of Removal will be given to plaintiff promptly after the filing of this Notice. A true and correct copy of this Notice of Removal will be filed with the Clerk of the Court of the Supreme Court of the State of New York, County of Nassau promptly after the filing of this Notice.

15. Attached to this Notice, and by reference made a part hereof, are true and correct copies of all process and pleadings filed herein.

16. By filing this Notice of Removal, defendant does not waive any defense which may be available to it, specifically including, but not limited to, its right to contest *in personam* jurisdiction over defendant, improper service of process and the absence of venue in this Court or the Court from which this action has been removed.

**WHEREFORE**, defendant prays that the above-captioned action now pending in the Supreme Court in the State of New York, County of Nassau, be removed therefrom to this Court.

Dated:  Hauppauge, New York
        April 16, 2021                 Yours, etc.,

                                       **SIMMONS JANNACE DELUCA, LLP**

                                       BY: _____
                                           Ian E. Hannon (ih-1464)

```
                                        Attorneys for Defendant
                                        TARGET CORPORATION
                                        Office & P.O. Address:
                                        43 Corporate Drive
                                        Hauppauge, New York 11788-
                                        2048
                                        (631) 873-4888

TO:   Robert Morici, Esq.
      MORICI & MORICI, L.L.P.
      Attorneys for Plaintiff
      1399 Franklin Avenue
      Garden City, New York 11530
      (516) 873-1902

      Dan Mitola, Esq.
      Law Office of Victor J. Natale
      P.O. box 2903
      Hartford, Connecticut 06104-2903
      (631) 501-3100
```